Citation Nr: 1212956 
Decision Date: 04/10/12 Archive Date: 04/19/12

DOCKET NO. 10-12 054 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office and Insurance Center in Philadelphia, Pennsylvania



THE ISSUE

Entitlement to waiver of recovery of an overpayment of VA compensation in the amount of $20,254.90.



REPRESENTATION

Appellant represented by: Disabled American Veterans



ATTORNEY FOR THE BOARD

Dan Brook, Counsel


INTRODUCTION

The Veteran served on active duty from November 1981 to November 2001. 

This appeal to the Board of Veterans' Appeals (Board) arises from an August 2008 decision of the Department of Veterans Affairs (VA) Regional Office and Insurance Center (RO) in Philadelphia, Pennsylvania. 

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

The Veteran is currently incarcerated and reportedly is due to be released from custody in September 2012. On his April 2010 Form 9, he requested a Board hearing in Washington, D.C. That hearing was scheduled for January 2011. However, in October 2010 correspondence, the Veteran indicated that he desired to postpone the hearing until July 2013 or later, as he would not be finished with his parole obligations until then. 

The Board notes that it will not be able to hold this case in abeyance for such an extended period. However, VA is generally required to attempt to accommodate Veterans in situations where their incarceration might otherwise prevent them from receiving assistance. See e.g. Wood v. Derwinski, 1 Vet. App. 190 (1991), Bolton v. Brown, 8 Vet. App. 185 (1995). In this case, this requirement includes making reasonable efforts to arrange for the Veteran to have a Board hearing while he is still incarcerated, to include a videoconference hearing. This matter must at least be investigated, and thus far has not been.

Consequently, on remand, the RO/AMC should make reasonable efforts to contact the facility wherein the Veteran is incarcerated. Efforts should be undertaken to ascertain whether it is possible that the appellant might be escorted to a hearing, or whether there are other facilities that might be used to afford the Veteran a Board hearing while he is still incarcerated. All documentation of the attempts made should be included in the claims folder.

Accordingly, the case is REMANDED for the following action:

The RO/AMC should contact the facility wherein the Veteran is incarcerated and ascertain whether it might be possible to schedule a hearing. It should be determined whether the facility has the ability to arrange for appellant to be escorted to a hearing at the RO or whether there are videoconference options that might be utilitized. If so, such hearing should be scheduled. If not, appellant is to be offered an opportunity to make any additional presentation that he might desire and the case should be returned to the Board in accordance with applicable procedures. If additional evidence is offered, readjudication should take place at the AMC/RO. All attempts and information concerning the scheduling of the hearing should be documented in the claims file.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2011).


_________________________________________________
MICHAEL D. LYON 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2011).